AARON W. KELLOGG, PLAINTIFF IN ERROR, v. HUNTINGTON, SHARP & CO., DEFENDANTS IN ERROR.

**Practice:** ERROR : BILL OF EXCEPTIONS. Exceptions to the opinion of the probate judge upon questions of law arising during the trial, cannot be reviewed upon petition in error, unless the cause is tried by a jury. *Taylor v. Tilden*, 3 *Neb.*, 339, cited and followed.

ERROR to the district court of Lancaster County.

*Seth Robinson*, (with whom was *Mason & Wheedon*) for plaintiff in error.

*Groff & Ames*, for defendants in error.

GANTT, J.

This action was commenced in the probate court of Lancaster county. On the trial of the cause no jury was demanded, and it was therefore tried before the probate judge. The case was taken on error to the district court, and is now brought on error here. The only matter complained of as error occurring at the trial of the cause in the probate court is contained in what purports to be a bill of exceptions, signed by the probate judge. Can a bill of exceptions be taken to the rulings of a probate judge, upon questions of law arising during the progress of a trial before him without a jury?

In *Taylor v. Tilden & McFarland*, 3 *Neb.*, 339, this question was fully considered, and it was held that "the statute does not give the right of a bill of exceptions to the ruling of the probate judge or justice of the peace, upon questions of law arising during the trial before them, in cases not tried by a jury, and hence such bill of exceptions cannot be considered in an appellate court, because it is an act without authority of law, and a nul-

lity." It is not necessary again to discuss this question; and as no error appears on the record of the probate judge, and none such is assigned here, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE MAXWELL, concurred.