Rudolf v. Winters.

Augustus C. Rudolf, PLAINTIFF IN ERROR, v. Leroy S. Winters, DEFENDANT IN ERROR.

1.  County Courts : JUDGMENT: ERROR.   Error will lie upon a judgment or final order of the county court which affects a substantial right and in effect determines the action, or which

affects a substantial right in a special proceeding, or upon a summary application in an action after judgment, when the same appears on the record of the county court.

2. **Contract against Public Policy.** A contract to operate in grain options, to be adjusted according to the differences in the market value thereof, is a contract for a gambling transaction which the law will not tolerate. It is *contra bonos mores*, and against public policy.

3. ————. Whenever a claim is bottomed on an immoral or illegal transaction, no right whatever can be founded upon such contract which the law will sanction or the courts maintain.

THIS was a petition in error to reverse a judgment of the district court for Lancaster county, POST, J., of the fourth district, presiding. The facts appear in the opinion.

*Webster & Burr*, for plaintiff in error, cited *Renard v. Sampson*, 12 N. Y., 561. *Baxter v. Downer*, 29 Vt., 412. *Reed v. McGrew*, 5 Ohio, 375. *Munford v. Wilson*, 15 Mo., 540. *Berry v. Bacon*, 28 Miss., 318. *Begg v. Jerome*, 7 Mich., 145. *Judah v. Trustees*, 16 Ind., 56. *Dexter v. Snow*, 12 Cush., 594.

*Lamb, Billingsley & Lambertson*, for defendant in error.

No brief on file.

GANTT, CH. J.

The defendant in error sued the plaintiff in the county court upon the following due bill:

"Lincoln, June 29, 1875.

"Due the bearer, L. S. Winters, five hundred and twenty-five dollars, on demand.      A. C. RUDOLF."

To this cause of action the plaintiff in error pleaded as a first defense that some time afterwards it was by and between the defendant in error and himself "ex-

pressly agreed that the sum of money evidenced by this instrument should be and remain in his hands as the advance or capital deposited " by defendant in error, as his portion of moneys to be invested in grain options in Chicago, in which venture each party should receive a certain proportion of the profits and pay a certain proportion of the losses, and that their venture in such grain options resulted in a loss largely in excess of the amounts invested by the respective parties, which loss he paid, whereby the defendant in error became largely indebted to him. To this count in the answer the defendant in error interposed a general demurrer, which was sustained by the county court. The case was submitted by Winters upon the pleadings, and judgment was rendered by the county court upon the pleadings against Rudolf for $57.41 and costs. The case was taken to the district court on error, and on motion of defendant in error it was dismissed on the ground of want of jurisdiction.

Two questions are presented for determination: *First* —Whether error will lie to bring up to the district court for review the decision of the county court upon the demurrer; and if error will lie, then: *Second*— Whether the contract pleaded is a good defense to the action. The first question must be answered in the affirmative.

In *Taylor v. Tilden, et al.*, 3 Neb., 340, it was held that " the statute does not give the right of a *bill of exceptions* to the rulings of the county judge or justice of the peace, upon questions of law arising during the the trial before them, in cases not tried by a jury, and that such bill of exceptions cannot be considered in an appellate court, because it is an act without authority of law "; but it is quite clearly stated that, under section 580 of the civil code, upon a judgment rendered or final order made which affects a substantial right and in effect

determines the action, or which affects a substantial right in a special proceeding, or upon a summary application in an action after judgment, a petition in error is allowed.

And in *Kellogg v. Huntington*, 4 Neb., 96, it was again held that there was no authority for a bill of exceptions in such case, and the court observed that " as no error appears in the record of the county judge, and none such is affirmed here," the judgment was affirmed.

In the case at bar, the error complained of does not arise upon a bill of exceptions to the rulings of the judge upon questions of law arising during the trial of the cause, but it " appears upon the record of the county judge "; it is a judgment which finally disposes of the plaintiff's first ground of defense set up in his answer, and therefore the case comes within the provisions of section 580.

Now, is the contract pleaded a good defense to the action? It is a subsequent alleged contract to operate in grain options, restricted, however, " to the purchase of margins upon grain," and to be adjusted according to the differences in the market value thereof. Will the law sanction such a transaction?

In *Pickering, et al., v. Case*, 79 Ill., 328, it is held that such a contract " is but an optional contract, in the most objectionable sense, and being in the nature of a gambling transaction, the law will not tolerate it." It is very clear that such a gambling contract is *contra bonos mores* and against public policy; and the doctrine is well settled, that whenever a contract is founded on an illegal transaction, or grows out of an illegal act, or is so connected with it as to be inseparable from it, the law will not sanction it.

In *Steers v. Laishley*, 6 T. R., 61, a case in which a broker who had been concerned in stock-jobbing transactions, and who had paid the losses, drew a bill of

exchange for the amount on the defendant, and after its acceptance, indorsed it to a person who knew of the illegal transaction, for which it was drawn, the court held that such indorsee could not recover on the bill.

In the case at bar, the defendant did not require the aid of an illegal transaction to establish his case; the execution of the instrument is not denied, nor that it was given for a full consideration; and, moreover, it is a fact expressive of some meaning that the due bill remained in the possession of the defendant. The plaintiff in error, who was defendant below, sets up as a defense the illegal contract, and asks the court to sanction it. It will not do to say that the results of the illegal transaction constitute the only subject of controversy, because the contract itself is specially pleaded, and not a new promise, founded on a consideration, unconnected with the illegal act. The mere results of the transaction, when not evidenced by a new promise inseparable from the illegal act, could not be shown until the contract is established which produced them. However, the test in such cases is, whether the party requires the aid of the illegal transaction to establish his claim; and if he cannot proceed without showing that he has broken the law, the court cannot assist him whatever may be his demand. *Swan v. Scott*, 11 S. & M., 164. In the case under consideration, the real question put in issue by the answer is the illegal contract, and therefore the plaintiff in error is the actor; he alleges the corrupt contract, and is the *moving party*.

In *Holman v. Johnson*, Camp. 343, Lord Mansfield held, that no court will lend its aid to a man who founds his claim upon an immoral or illegal act.

In *Russell v. De Grand*, 15 Mass., 39, Parker, C. J., says: "The rule of law is of universal operation, that none shall, by the aid of a court of justice, obtain the fruits of an unlawful bargain."

11

Kemerer v. The State.

It may be said that it has become an axiom in the law, that when a claim is bottomed on an immoral and illegal transaction, no right whatever can be founded upon such contract which the law will sanction or the courts maintain.

The court below having erred in dismissing the cause for want of jurisdiction, its judgment must be reversed; but the judgment of the county court must be affirmed.

JUDGMENT ACCORDINGLY.