## HOMER FOSTER·V. STATE OF NEBRASKA.

FILED JANUARY 23, 1909. No. 15,848.

1. **Criminal Law: SERVICE OF COPY OF INFORMATION: WAIVER.** An information was filed with the clerk of the district court charging that F. had committed a felony, and the same day he pleaded not guilty. A copy of said information was not delivered to F., but thereafter he procured an order of the court for compulsory attendance of witnesses and permission to take depositions. Three months later a jury was impaneled and sworn in said case, and after the state had called a witness and propounded three questions, F. for the first time objected that he had not been furnished a copy of said information. *Held*, That the court did not err in overruling said objection.

2. ———: **COUNSEL: APPOINTMENT AFTER PLEA.** The court did not appoint an attorney for F. until after he had entered his plea of not guilty. *Held*, That it was not error to thus receive said plea.

3. **NEW TRIAL: MISCONDUCT OF JURY.** After submission of the case, and while the jurors were in charge of a bailiff, five of them were permitted to remain in a room with locked doors, and the remaining seven were taken by said bailiff to a toilet room. One of said jurors returned in advance of his companions. It affirmatively appeared that no one approached any of the jurors or communicated with them concerning said case. *Held*, Not misconduct of the jury or irregularity in the proceedings sufficient to justify a new trial.

4. **Robbery: EVIDENCE: SUFFICIENCY.** The evidence disclosed that defendant and one S. were strangers to each other until December 5, and that after dark of said day they were together at a small railway station; that each to the knowledge of the other had a small sum of money; that defendant demanded that S. should "dish up" or "divy up,"·saying also "hands up," and received two or three silver dollars which S. handed to him. *Held*, That a verdict of guilty of robbery from the person is sustained by the evidence, although S. later attacked and wounded defendant and recovered his money, and the evidence further established that each party was at said time somewhat under the influence of intoxicating liquor.

ERROR to the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Matthew Gering* and *A. L. Tidd,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

Defendant was convicted of committing the crime of robbery from the person, and from the minimum sentence of three years appeals to this court.

1. It is argued that defendant should not have been tried because he was not furnished a copy of the information, as required by section 436 of the criminal code. The objection is without merit. The statute was enacted for the wise and beneficent purpose of advising a defendant of the nature of the charge against him, and to give him at least 24 hours to prepare to plead thereto. The alleged crime was committed December 5, 1907, and within a few days thereafter defendant was arrested and given a preliminary examination, at which time he was represented by counsel. December 16 defendant was arraigned in district court and entered a plea of not guilty. Prior to that date the deputy clerk of the court had presented a copy of the information to said attorney, who handed it back to that official, with the statement that he did not then represent the accused. December 26 defendant entered into a recognizance for his appearance at the next term of court, and on the 15th day of February, 1908, made an affidavit to be used in securing an order for compulsory process and the taking of depositions, wherein he swore that the information charged him with the crime of robbery from the person. The court's attention was not challenged to the fact that a copy of the information had not been served on defendant until after a jury had been impaneled, a witness sworn, and three questions propounded. The objection was overruled, as it should have been. The right to have a copy of the information is one that a defendant may waive. *Barker v.*

*State,* 54 Neb. 53. By his conduct defendant waived all right to object to his situation.

2. That the court erred in neglecting to appoint counsel for defendant prior to his arraignment. The record does not disclose just when counsel was appointed, but we assume that it was subsequent to the entry of defendant's plea. Doubtless, had counsel desired to present any defense other than "not guilty," the court would have permitted defendant to have withdrawn his plea for that purpose; but the record does not disclose such request. Moreover, the certified record which defendant has presented for our consideration recites that he was accompanied by his attorney when he entered said plea. The objection is without merit.

3. That there was misconduct of the jurors in escaping from the custody of the bailiff while considering of their verdict, and in separating from each other after the submission of the case. The facts as we glean them from the bill of exceptions, seem to be that the jurors were confined in a room on the third floor of the court house; that the toilet room was in the first story of said building, so that it became necessary from time to time to take the jurors from one room to the other; that on one occasion seven of said jurors were taken by the bailiff to said toilet room, leaving the other five jurors in a room on the third floor. On returning, one of the seven jurors was some distance in advance of his companions, and stood beside the door to the jury room waiting for the bailiff to unlock the same. It affirmatively appears that no one communicated with said jurors during said time, and there could not have been any possible prejudice to the defendant, unless the mere separation of the jurors under the aforesaid circumstances as a matter of law invalidated their verdict, which was later rendered. Under the facts defendant was not prejudiced. *Spaulding v. State,* 61 Neb. 289.

4. Finally, it is urged that the verdict is not supported by the evidence. Because of the severity of the law

which compels a sentence of at least three years' imprisonment if a defendant is found guilty, we have carefully read all of the evidence, and feel an abiding conviction that the jurors were justified in returning a verdict of guilty. Defendant and one Smith met as strangers in Omaha, and went together to South Bend, some 30 miles distant, for the purpose of securing work. Not receiving much encouragement, they determined to leave said village that night. Both Foster and Smith had been indulging in intoxicating liquors and each was possessed of a small amount of money, of which fact the other had cognizance. While waiting outside the station for a train, defendant admits that he demanded Smith to "dish up" or "divy up." Smith says that defendant also ordered "hands up," and placed his hand back toward his hip pocket, whereupon Smith delivered three or four silver dollars to defendant, but later drew a pocket knife and attacked Foster, wounding him, recovered Smith's money, and then took defendant into custody and delivered him to the village authorities. Defendant on cross-examination stated that he only referred to a bottle of whiskey in Smith's pocket, and had no intention of securing money from his companion, but later admitted that he wanted 50 cents that he claimed to have lost, and suspected that Smith had taken. Smith is corroborated by the witness Fountain in many important particulars, and, after all is said, the record on this point presents simply a question of veracity of witnesses, which it was the jurors' peculiar province to determine. If they believed Smith's testimony and rejected that given by defendant, as they had a right to do, the verdict is sustained by the evidence.

No complaint is made concerning the instructions. There is considerable evidence in the record tending to show that defendant bore an excellent reputation for honesty and as a law-abiding citizen in the neighborhood of his old home and that of his parents in Kansas. He has traveled extensively, but seems to have been indus-

trious, and, when not under the influence of intoxicating liquor, trustworthy and honest. We regret that we cannot reduce his sentence to one year in the penitentiary, but under the statute under which he was convicted we are powerless in the premises.

The record is without error, and therefore the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.