In re Estate of Elliott Lowe.
Edwin L. Malsbary, appellee, v. Joseph Whyte et al.,
Administrators, appellants.

Filed January 17, 1920. No. 20663.

1. Gaming. A contract to operate in grain options to be adjusted according to differences in market value thereof, is a gambling operation, contrary to public policy and void.

2. Contracts: Right of Recovery. When plaintiff can maintain his cause of action without the aid of an illegal act or one that might be construed as *contra bonos mores* he will be allowed to recover.

3. Gaming: Liability. A broker who receives money from his principal growing out of an illegal transaction is liable as agent for money had and received.

4. Contracts: Liability. When an agent collects money for his principal upon an executed illegal transaction which is not pleaded in the petition and which is not necessary to plaintiff's right of recovery, the principal can recover it in an action for money had and received.

5. ————: Unlawful Contracts. When either or both parties as a matter of law are compelled to rely upon a transaction that is *contra bonos mores*, this court will refuse to aid either party.

Appeal from the district court for Lancaster county: William M. Morning, Judge. *Affirmed.*

*T. S. Allen* and *Fawcett, Mockett & Walford*, for appellants.

*B. F. Good, A. W. Richardson, A. M. Bunting* and *Paul F. Good*, contra.

Aldrich, J.

The plaintiff sues the administrators of the estate of Elliott Lowe to recover the sum of $214.94, alleged to be due on account of money had and received. Plaintiff's cause of action is based on the following instrument, which is in nature and form a due-bill in words and figures following: "Elliott Lowe & Co., 603 First National Bank Building, Grain Account, Lincoln, Nebraska. 6-1-16.

E. L. Malsbary: At the close of business today, your account on our Ledger is: Dr. $——; Cr. $214.94. Kindly advise us, at once, if this balance does not agree with your books. Should you desire an itemized statement, we will take pleasure in sending you one. Yours truly, Elliott Lowe & Co. E. & O. E.'' It is stipulated and agreed by and between the parties that, whatever judg- ment may be rendered in this case, the same shall be de- cisive of other similar claims held by plaintiff under as- signments.

The defendant by way of defense pleads confession and avoidance, alleging that plaintiff's cause of action is based on speculation and ventures on margins in wheat and other grains, depending for profits or losses on fluctua- tions on the market on the board of trade, that no grain was actually bought or sold or intended to be bought or sold by either party, and that in the profits and losses on ''the open board'' the same are contrary to the statutes of the state of Nebraska, contrary to public policy, void and unenforceable. These transactions between plain- tiff and Elliott Lowe, deceased, were speculations on the fluctuations in quotations on the board of trade. Defend- ants admit the death of Elliott Lowe, and defendants herein are administrators of his estate. The reply tender- ed to the issues of the answer is a general denial.

This case comes to this court on appeal from a judg- ment rendered in favor of plaintiff.

The issue tendered by plaintiff is one for money had and received. The defense offered is that of no liability on their part because the transaction is based on a con- tract *contra bonos mores*.

The record shows the plaintiff was able to sustain and did maintain his cause of action without aid or assistance of any transaction growing out of an illegal act or one that might be construed as contrary to public policy.

It may be admitted that a contract to operate in grain options to be adjusted according to differences in market value thereof is a gambling operation, contrary to public

policy.   Lord Mansfield announced the true doctrine, which is followed by all courts, when he said: "No court will lend its aid to a man who founds his cause of action upon immoral or illegal contract."   *Holman v. Johnson,* 1 Cowp. (Eng.) 341. This doctrine was announced by the Massachusetts supreme court in *Russell v. DeGrand,* 15 Mass. *35: "The rule of law is of universal operation, that none shall, by the aid of a court of justice, obtain the fruits of an unlawful bargain."   That is the law of this state.

The true test is: Does the plaintiff, to sustain his claim, of necessity have recourse to an illegal act? If he cannot maintain his cause of action without so doing, this court as a matter of law will not assist him.   The plaintiff's cause of action can be maintained at law as of and for money had and received; while defendants as a matter of law are compelled to rely upon a contract that is vitiated with the poison of immorality.   To maintain his theory, we recognize the validity of his defense to set up a contract that is *contra bonos mores.*   Then this court must leave him just where it found him.

The record shows that plaintiff turned over to Elliott Lowe, deceased, certain money to buy and sell grain on the Chicago board of trade, and defendants contend this was an illegal contract and nonenforceable.  We answer, it is the law that an agent who undertakes to perform a contract which is contrary to public policy or in violation of law is under no obligation to perform it, but may violate it with impunity; but, if he collects money for his principal upon an executed illegal contract, the principal can recover it by an action for money had and received for his use as upon an express or implied promise by the agent to pay it.   In the instant case the due-bill before referred to appears to make his promise an express one. *Floyd v. Patterson,* 72 Tex. 202, 13 Am. St. Rep. 787. The record discloses that the defendant is admittedly in the position of one who has broken the law.   He alone alleges the corrupt contract and is the moving party

whose cause of action is based upon this immoral contract.

The record also shows that plaintiff and deceased, Elliott Lowe, stand in the relation of principal and agent. *Rogers & Bro. v. Marriott,* 59 Neb. 759. This being true, the agent is liable for money had and received from his principal.

In *Planters Bank v. Union Bank,* 83 U. S. 483, it was held that an illegal contract will not be executed, yet, where it has been executed by the parties themselves, and the illegal object has been accomplished, the money or thing which was the price of it may be a legal consideration between the parties for a promise expressed or implied.

We may say the position assumed in this case by plaintiff has the approval of law and is not tainted or dependent upon any contract that is contrary to good morals and good conscience. When an agent collects money for his principal upon an executed illegal transaction which is not pleaded in his petition, and which is not necessary to his right of recovery, the principal may recover it in an action for money had and received.

This leads us to assume that as a matter of law, when an agent has received money growing out of an illegal contract, he may be compelled to pay it at the suit of his principal. This is so because the law implies a promise on the part of the agent to pay to his principal money received by him as such agent, and illegality of contract by virtue of which money was collected affords no defense. Having fully passed, it can make no difference to future morals and in no way affect public policy as to what was the real basis of the money had and received from the principal by the agent, Elliott Lowe, in his lifetime.

Further consideration of these propositions leads us to assert that the theory of plaintiff's claim is based on *Rudolf v. Winters,* 7 Neb. 125. We are unable to see wherein there is a conflict with the adjudicated cases cited

by defendants, which are based upon a different ·rule than the cases cited by plaintiff. It appears to be held by the great weight of authority that, when either party or both parties are obliged to invoke the aid of a contract which is contrary to good morals and against public policy to obtain relief, courts will not respond. The plaintiff in the instant case having maintained his cause of action without requiring assistance from a gambling or ·illegal contract, then he is entitled to a judgment against defendants as for money had and received.

We conclude that plaintiff comes within the rules laid down in *Rudolf v. Winters, supra,* and hold that the judgment for plaintiff must be affirmed.

AFFIRMED.