BARTHOLOMEW v. WORKMAN.

No. 32034.   June 11, 1946.

*169 P. 2d 1012.*

Owen F. Renegar, Herbert K. Hyde, and Lee Williams, all of Oklahoma City, for plaintiff in error.

Ross Lillard and Dave Tant, both of Oklahoma City, for defendant in error.

PER CURIAM. This action was brought by George A. Workman, a minor, by his mother and next friend, Pearl Ethyle Daglish, against Maybelle Bartholomew, also using the name of Mrs. George A. Workman, G. F. Matthews, Commissioner of the State Health Department, and the Southwestern Bell Telephone Company, a corporation. Issues were joined on the allegations of the petition and by mutual consent the Southwestern Bell Telephone Company and G. F. Matthews, Commissioner of the State Health Department, were eliminated from the proceeding. Thereupon the court entered an order enjoining the defendant Maybelle Bartholomew from using the name of Mrs. George A. Workman, and this appeal is to review the alleged error in entering the injunction.

The petition alleges that Pearl Ethyle Daglish is the mother of George A. Workman; that she was the former wife of the father of said minor, who was known as George A. Workman, Sr.; that the defendant Maybelle Bartholomew is using the name of Mrs. George A. Workman and has installed a telephone and listed the number in the published telephone list of the Southwestern Bell Telephone Company in the name of Mrs. George A. Workman and has caused to be filed with the Commissioner of the State Health Department a birth certificate showing the birth of Francis Workman, an alleged daughter of George A. Workman and the defendant.

The record discloses that Pearl Ethyle Daglish and George A. Workman, Sr., were married September 12, 1932. The plaintiff was born of this marriage March 21, 1933. Pearl Ethyle Daglish was divorced from George A. Workman February 4, 1936. She subsequently married a man by the name

of Daglish, from whom she is now divorced. At the present time she has no husband. The record further discloses that during most of the time subsequent to September 12, 1932, George A. Workman, Sr., was in the United States Army. The defendant claims that she married George A. Workman, Sr., September 12, 1932; of this relationship a daughter was born January 30, 1939. George A. Workman, Sr., died in a Fort Sill hospital January 10, 1940.

The sole allegation of error on appeal is that the defendant has a right to the use of the name Mrs. George A. Workman and that the court erred as a matter of law in enjoining the defendant from using the name.

The plaintiff replies that under the rule announced in 21 R.C.L. 1196 § 1, the right of privacy is a right to be let alone and that the right to live without having one's name, picture or statue or that of a relative made public against his will may be protected by an injunction. The trial court based the judgment granting the injunction upon the right of privacy and declared the use of the name by the defendant an invasion of such privacy. It has been held that equity will not protect personal rights on the ground of sentiment or feelings alone and that before an injunction will issue to prohibit the invasion of personal rights there must be a legal injury which equity may redress. Ex parte Badger, 286 Mo. 139, 226 S. W. 936, 14 A.L.R. 286, and annotations commencing at 14 A.L.R. p. 295. In Hodecker v. Stricker, 39 N.Y.S. 515, plaintiff, a married woman, brought an action against the defendant to enjoin her from assuming the surname of plaintiff's husband. The court denied injunctive relief. Therein it is stated:

"It is said by counsel that equity will not suffer a wrong without a remedy. This maxim has its limitation in another known as 'damnum absque injuria,' and, further, that obligations, rights, and duties merely moral are not the subject of equitable relief. As was said by the court in Rees v. City of Watertown, 19 Wall. 121, 'It cannot assume control over that large class of obligations called "imperfect obligations," resting upon conscience and moral duty only, unconnected with legal obligations.' The charge, in its import and legal effect, is not that the defendant seeks to personate the plaintiff, or represent her in any manner, but that the defendant misrepresents herself by falsely assuming the relation of wife and surname of the plaintiff's husband; thus degrading herself, and not the plaintiff. The cited remarks of Judge Peckham, obiter, in Schuyler v. Curtis, 147 N. Y. 434-443, 42 N.E. 22, have no essential application to the proposition in the present case. It was there held that the individual right of privacy dies with the person, and therefore the friends of the deceased woman could not deny to the defendants the right to erect a statue, in an appropriate manner, to do honor to her, although she may, while living, have had her remedy to defeat the execution of such a purpose. And in the cited case of Foley v. Phelps, 1 App. Div. 551, 37 N.Y. Supp. 471, it was held that the widow had a clear legal right to the remains of her deceased husband, for the purpose of preservation and burial, and consequently a remedy for the denial of that right, against the defendant, for performing an autopsy on his body without her consent or authority of law. It is true that the determination of that case was not dependent upon any right of property; but the burial of the body of the deceased was a legal duty, and its possession and preservation for the purpose was a personal right of the wife, recognized by law. The plaintiff in the present case is the wife of Hodecker, and she alone is entitled to, and has, that relation to him. She does not complain that she has been excluded, by any act or influence of the defendant, from his marital society, protection, or affection."

Hodecker v. Stricker, supra, was followed in Baumann v. Baumann, 250 N.Y. 382, 165 N.E. 819, the court of last resort of New York. This was a proceeding to enjoin the use of the name of the husband of plaintiff who had obtained a divorce decree in Yucatan, Mexico, and joined in a marriage ceremony both of which were declared to

be void in the proceeding brought to enjoin the defendant from using the name. See, also, Snedaker v. King, 111 Ohio St. 225, 145 N.E. 15.

It has also been held that equity may protect and enforce personal rights in the absence of a showing of an invasion of property rights. 14 A.L.R., annotations page 300. In Itzkovitch v. Whitaker, 115 La. 479, 1 L.R.A. (N.S.) 1147, 112 Am. St. Rep. 272, 39 So. 499, equity enjoined the police department from placing the plaintiff's name and picture in a rogues' gallery. In the annotation following the above citation in 14 A.L.R., there is listed the case referred to by the plaintiff herein of Vanderbilt v. Mitchell, 72 N.J. Eq. 910, 14 L.R.A. (N.S.) 304, 67 Atl. 97, holding, in effect, that a plaintiff may cancel a certificate of birth which discloses that he is the father of a child where the facts are to the contrary. As stated in Roberson v. Rochester Folding Box Co., 171 N.Y. 538, 64 N.E. 442, the majority of the cases holding that equity will relieve against the invasion of privacy in the absence of a showing of an invasion of property rights are based upon a contract express or implied or on some other obligation arising between the parties exclusive of the question of the invasion of privacy. No case has been found with an analogous fact situation to that in the case at bar where equity has interfered to enjoin the use of a name.

In 45 C.J. page 382, it is stated that the right to use the name will not be interfered with unless there is involved character, reputation or property.

It is not alleged that the plaintiff will be damaged in his character or reputation. There is no other woman having the right to use the name of Mrs. George A. Workman. The trial court did not find that the plaintiff would be damaged or suffer any invasion of his privacy although in his statements prior to the issuance of the injunction he based his decision upon the right of privacy.

It is a general rule that a party may use any name that is chosen. Roberts v. Mosier, 35 Okla. 691, 132 P. 678. Certain and defined limitations are placed upon this general rule. See 45 C. J. page 382, et seq., and cases cited in the annotation.

We fail to find wherein the use of the name Mrs. George A. Workman by the defendant in the case at bar comes within the limitation of any of the cases changing the rule announced in Roberts v. Mosier, supra. The defendant is not asserting any property rights, or making any claim against the plaintiff or his mother. She is seeking no material advantage in the use of the name of Mrs. George A. Workman. The trial court erred in enjoining the defendent from using the name.

The cause is reversed and remanded to the trial court, with directions to set aside the order and judgment enjoining the use of the name of the defendant.

Reversed and remanded, with directions.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.