FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A CORPORATION, APPELLEE, v. HERBERT BODENSTEDT, DOING BUSINESS AS HERB'S BUICK COMPANY, APPELLANT.

104 N. W. 2d 292

Filed July 15, 1960. No. 34805.

*Addison & Addison*, for appellant.

*Kenneth M. Olds* and *Donald R. Reed*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action instituted by Fidelity and Deposit Company of Maryland, a corporation, plaintiff and appellee, against Herbert Bodenstedt, doing business as

Herb's Buick Company, defendant and appellant. Issues were joined by appropriate pleadings. Thereafter the plaintiff filed a motion for summary judgment in its favor. The defendant filed a motion in resistance and for summary judgment in his favor. The case came on for hearing before the court on the pleadings, the motions for summary judgment, and the respective supporting showings of the parties, at the conclusion of which a judgment was rendered in favor of plaintiff for $1,550 with interest in the amount of $68.98 and costs taxed at $17.95. From this judgment the defendant has appealed.

The substance of the cause of action pleaded by the plaintiff is that on or about July 24, 1958, a person who represented himself to be Fred C. Jarvis of Laurel, Nebraska, purchased from the defendant a 1956 Buick automobile for $1,550 plus carrying charges making a total of $1,761.60 to be paid in 23 installments of $65 each and 1 for $266.60; that at the time he executed a promissory note for the amount and a chattel mortgage to secure it, which were delivered to the defendant; that on or about the same day the defendant transferred the chattel mortgage and endorsed and delivered the note to the Triangle Finance Company; that the defendant warranted that the mortgage was a first lien upon the automobile; that by his endorsement and transfer of the note the defendant warranted it was genuine; that the Triangle Finance Company believed that the note was true and genuine and was signed by Fred C. Jarvis; that for the note the Triangle Finance Company paid defendant $1,550; that the note was not executed by Fred C. Jarvis but by a grandson of Fred C. Jarvis; that the note was a forgery; and that no payment was made in consequence of which the Triangle Finance Company sustained a loss in the amount of $1,550.

It is further pleaded that by reason of this loss the Triangle Finance Company was entitled to recover this amount from the defendant on account of his warranty.

It is further pleaded that the plaintiff became obligated

to pay Triangle Finance Company its loss occasioned by the failure of payment on the note by reason of a bond issued to Triangle Finance Company by the plaintiff guaranteeing it against such losses, in consequence of which the Triangle Finance Company assigned to it the cause of action against the defendant for breach of warranty.

In brief this is an action for an alleged breach of warranty against an endorser of a promissory note instituted by the assignee of the endorsee.

By the answer the defendant first denies generally the allegations which are not admitted or traversed.

The transaction which the plaintiff described in the petition is admitted, except that it is alleged that the transaction was made with Fred C. Jarvis, a person so known to him for a long time; that there was no concealment or attempted concealment; that the transaction was made in good faith and that it was genuine in every respect; and that the person who purchased the automobile and executed the note and mortgage had the right and capacity to do so in the name of "Fred C. Jarvis."

It is pointed out here that it is not contended in the record that the defendant ever verbally or in writing made any warranty or any express or implied representation as to the identity of the person who executed the note and mortgage, or was knowingly guilty of any conduct the effect of which was to mislead the endorsee when it accepted the note and mortgage.

The evidence to support the contention of the plaintiff that this note was a forgery and that the transaction was fraudulent consists of two affidavits and certain other exhibits relating to a guardianship proceeding had in the county court of Cedar County, Nebraska, in the year 1942.

One of these affidavits was made by Perry Jarvis. The pertinent part of it is that the Buick automobile was not purchased by Fred Jarvis and the note and

mortgage were not executed by him, but that the pur-chase was made by Fred Clair Clay and the instruments were executed by him. He further stated that Fred Clair Clay was a grandson of Fred Jarvis.

The other affidavit was by Everett C. Rees, secretary of the Triangle Finance Company. In the affidavit he stated that he accepted the note as being genuine and one executed by Fred Jarvis, a well-known auctioneer at Laurel, Nebraska; that it was later that his company learned that the note was not signed by Fred Jarvis, but that it was a forgery; and that the automobile was driven to California by the purchaser and sold.

He further stated that the plaintiff paid the loss sustained by the Triangle Finance Company and it has become the owner of the claim by assignment and transfer.

Among the exhibits to which reference is made are an application for the appointment of a guardian of Fred Clair Clay and a decree of appointment of Fred Jarvis as his guardian. The date of the application is January 15, 1942, but the date on the decree is not decipherable.

There is nothing in these exhibits from which a reasonable inference may flow that the sale was not made to the identical person who represented himself to be Fred C. Jarvis, or that the person signing was not known to the defendant and in the community as Fred C. Jarvis, and nothing to show that he attempted or did anything to mislead or defraud the defendant. Specifically there is nothing in them to show that the signatures on the note and mortgage were other than of the name used by the signer in his everyday life and his regular transactions.

As against this there was an affirmative showing made by the defendant that this was the name used by this person since he was a very small child. At the time of this incident he was 34 years old. This showing indicates as a departure only the incident of the guardianship proceeding in 1942.

Specifically Perry Jarvis, the same person who made

affidavit on behalf of the plaintiff made a further affidavit in which he stated that he was an uncle of the person who signed the note and mortgage; that this person was born in Sioux City, Iowa, May 13, 1924, and that in August of 1924 he was placed in the home of Fred Jarvis, his grandfather, at Carroll, Nebraska, where he was raised and maintained; that in 1929 they moved to Laurel, Nebraska, where he attended public school; that he went into the Navy after which he returned and continued to live with his grandfather until about 1949 when he left; and that thereafter he returned in June 1958, but in the interim visited with his grandfather.

One Don Brittell made affidavit that he became acquainted with the person who signed the note and mortgage in 1929; that he went to school with him through the 10th grade; and that he never used any name other than Fred C. Jarvis.

The defendant made affidavit in which he related details of the transaction. These details are not in dispute. In addition he stated that he had personally known the person who signed the note and mortgage since 1924 and that during all of that time he was known as Fred C. Jarvis; and that he knew that the person making the transaction and using the name of Fred C. Jarvis was using the name as his own and not as the name of his grandfather.

In the view taken of the record, the pertinent parts of which have been summarized herein, the conclusion has been reached that this is a case wherein a summary judgment is proper under the terms of section 25-1332, R. R. S. 1943. The controlling facts are not in substantial dispute. The only question for consideration is the legal import of the facts, and as pointed out each party moved for summary judgment.

This court, in interpretation of the authority to render a summary judgment, said in Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259:

"In considering a motion for summary judgment the

court should view the evidence in the light most favorable to the party against whom it is directed.

"A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered.

"The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented, but to discover if any real issue of fact exists."

See, also, Clearwater Elevator Co. v. Hales, 167 Neb. 584, 94 N. W. 2d 7.

As is clear from the record this case must turn on the question of whether or not any right such as is claimed came into being in favor of the Triangle Finance Company by reason of the use by the signer of the note and mortgage in question of the name of Fred C. Jarvis, the name employed and used by him since childhood, which was well-known, and so used without any evidence of intent at the time to deceive, defraud, or mislead.

The rule covering this subject is aptly stated in 65 C. J. S., Names, § 9, p. 9, as follows: "In general, in the absence of statutory prohibition, a person, without abandoning his real name, may adopt or assume any name, wholly or partly different from his name, by which he may become known, and by which he may transact business, execute contracts, and carry on his affairs, unless he does so in order to defraud others, or he is inhibited by judicial adjudication, since it is the identity of the individual that is regarded, and not the name which he may bear or assume." This pronouncement finds full support in the following cases: National Life & Accident Ins. Co. v. Saffold, 225 Ala. 664, 144 So. 816; Beilen v. Krenn & Dato, 350 Ill. 284, 183 N. E. 330; Romans v. State, 178 Md. 588, 16 A. 2d 642; Petition of Merolevitz, 320 Mass. 448, 70 N. E. 2d 249; Mississippi State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So. 2d 405; McGarvey v. Atlantic City & S. R. R.

Co., 123 N. J. Law 281, 8 A. 2d 385; Bartholomew v. Workman, 197 Okl. 267, 169 P. 2d 1012; Ludwinska v. John Hancock Mut. Life Ins. Co., 317 Pa. 577, 178 A. 28, 98 A. L. R. 705; Milligan Coal Co. v. Polowy, 108 W. Va. 458, 151 S. E. 429; Luebke v. City of Watertown, 230 Wis. 512, 284 N. W. 519.

Attention has not been called to any cases which announce a rule contrary to the foregoing statement and the cases cited in support of it. Also no statutory provision has been pointed to which prohibits the adoption of an assumed name and the use of it by the person who has adopted it in his affairs. The conclusion reached is that this rule should be regarded as controlling in the present instance.

The signing of the note and mortgage was not, under the undisputed facts in this case and the law, a forgery. Generally defined, forgery is the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. See, Mitchell v. State, 132 Neb. 891, 273 N. W. 806; Owens v. State, 152 Neb. 841, 43 N. W. 2d 168. In the record here there is an absence of anything indicating the existence of a fraudulent intent.

In the light of the record therefore the court erred in sustaining the motion of plaintiff for a summary judgment and in the rendition of judgment accordingly in favor of the plaintiff. The court was also in error in refusing to sustain the motion of defendant for summary judgment and in refusing to dismiss plaintiff's action.

The judgment of the district court is reversed and the cause is remanded to the district court with directions to sustain defendant's motion for summary judgment and to dismiss plaintiff's action.

REVERSED AND REMANDED WITH DIRECTIONS.