NOEL COVER, APPELLEE, v. RALPH K. SCOTT ET AL., APPELLANTS, SHIRLEY C. SCOTT ET AL., INTERVENERS-APPELLANTS.

169 N. W. 2d 435

Filed July 18, 1969. No. 37203.

Atkins, Ferguson & Nichols and LeRoy M. Hahn, for appellants.

Wright, Simmons & Hancock and Larry D. Hall, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This case comes here on motion for summary judgment and the question involved is whether a genuine issue of fact exists requiring a trial on the merits. The

district court, based upon the pleadings and the affidavits filed, sustained plaintiff's motion for summary judgment and dismissed the action. We reverse the judgment of the district court.

Plaintiff Noel Cover recovered a personal judgment against defendant Ralph K. Scott on January 13, 1968. On February 8, 1968, plaintiff instituted this garnishment proceeding against the account of Valley Produce Company deposited in the Scottsbluff National Bank. The Valley Produce Company and Shirley C. Scott, wife of Ralph K. Scott, intervened in the garnishment proceedings, alleging ownership of the garnished account.

The pleadings and the evidence show that the Valley Produce Company, a Nebraska corporation, had become delinquent for nonpayment of occupation taxes and that sometime prior to these proceedings the corporation was dissolved by the state. See § 21-323, R. S. Supp., 1967. In an elaborate theory, the plaintiff substantially contends that upon the dissolution of the Valley Produce Company the judgment debtor Ralph K. Scott then became the owner of the assets because as an officer of the corporation he had deposited checks under his signature to the account of the Valley Produce Company.

The issue, as we see it, presented in this case turns on the question of who owned the garnished bank account deposited in the name of the Valley Produce Company which on its face, of course, demonstrates that the bank account was not the personal property of the judgment debtor Ralph K. Scott. The uncontroverted affidavit of Shirley C. Scott, wife of Ralph K. Scott, was that she was the only stockholder of the Valley Produce Company; and that personal funds of Shirley C. Scott and Ralph K. Scott were deposited in the personal account of Shirley C. Scott. In answer to interrogatories propounded to the garnishee bank, Scottsbluff National Bank, the bank stated that it had in its possession a checking account of the Valley Produce

Company.   The evidence shows, from the affidavits, that the judgment debtor Ralph K. Scott withdrew or deposited funds to the account of Valley Produce Company as president of that corporation.   The judgment debtor's affidavit, filed in opposition to the motion for summary judgment, states as a fact that he was the president and director of the Valley Produce Company and that his personal earnings were always deposited in the account of his wife, the intervener Shirley C. Scott. The debtor Ralph K. Scott was president and a director of the corporation, and not a stockholder.   There is not any showing that he had any immediate right to the assets of the corporation.   No evidence was presented by the plaintiff to controvert these facts presented by the affidavits of Shirley C. and Ralph K. Scott.   An elaborate theory is presented by the plaintiff that Ralph K. Scott was the legal beneficiary of the assets of the corporation, on the assumption that the assets of the corporation had been long removed from the ownership of the corporate entity.   It is unnecessary to discuss this theory or the issues presented by it.   Fact issues not fully explored and which may rest on the determination of the credibility of the witnesses must be resolved by trial on the merits.   It was the plaintiff's burden on motion for summary judgment, to pierce the pleadings and conclusively show that there was no genuine issue of fact prohibiting the plaintiff from a judgment as a matter of law.   Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614; Fidelity & Deposit Co. v. Bodenstedt, 170 Neb. 799, 104 N. W. 2d 292; Fay Smith & Associates, Inc. v. Consumers P. P. Dist., 172 Neb. 681, 111 N. W. 2d 451; Anderson v. Carlson, 171 Neb. 741, 107 N. W. 2d 535, 83 A. L. R. 2d 831; Storz Brewing Co. v. Kuester, 178 Neb. 135, 132 N. W. 2d 341, 21 A. L. R. 3d 476; Snyder v. Fort Kearney Hotel Co., Inc., 182 Neb. 859, 157 N. W. 2d 782. It may or may not be, on trial on the merits in this case, under the facts and the applicable legal theory, that the assets deposited in the garnished bank account can be

traced and be established in the personal ownership of the judgment debtor. Our opinion here cannot surmise the ultimate resolution of the facts as presented in the affidavits filed herein, or legal theories involved. There are genuine issues of facts and legal issues involved which must await a resolution on the trial on the merits.

The judgment of the district court is reversed and the cause remanded for a trial on the merits.

REVERSED AND REMANDED WITH DIRECTIONS.