STATE OF NEBRASKA, APPELLEE, v. HAROLD HUFFMAN, APPELLANT.

176 N. W. 2d 506

Filed April 10, 1970. No. 37332.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted on four counts of forgery and uttering forged instruments. He was sentenced to 20 years' imprisonment on three counts, and to 22 years' imprisonment on Count IV. His motion for new trial was overruled and he has appealed.

The assignments of error relate to the sufficiency of the evidence; the admission of evidence; and the failure to give the statutory notice required by section 29-2221, R. S. Supp., 1967.

The record shows that the defendant was employed as an attendant at the Conoco Courts service station in Grand Island, Nebraska. He was living at Giltner, Nebraska, with Faye Boersen. On March 2, 1969, at about 3 p.m., when Faye was at the service station, the defendant asked her to get some check blanks from Ham Jungclaus. She obtained the check blanks and returned to the station.

At the defendant's request, Faye wrote out a check for $15 and gave it to the defendant. She did not place any signature on the check, but the defendant later told Faye that he cashed it. The check was received in evidence as exhibit 1 and purports to have been signed by "W. R. Schatz." W. R. Schatz testified that he did not sign exhibit 1 and did not authorize anyone to place his signature on the check. He identified a duplicate invoice which he had signed at the Conoco Court service station in Grand Island on March 2, 1969, for the purchase of gasoline on a credit card.

Ron Cook, who was also employed at the Conoco Courts service station, identified exhibit 3 as a check which was in the cash register at the station on the afternoon of March 2, 1969. Exhibit 3 is a check for $43 which purports to have been signed by "D. W. Ryder." Cook testified that the defendant said that he had cashed exhibit 3.

Del Ryder testified that he did not sign exhibit 3 and that he did not authorize anyone to place his signature on the check. Ryder identified a duplicate invoice which he had signed at the Conoco Courts service station on March 2, 1969, using "D. W. Ryder" as his signature, for the purchase of gasoline on a credit card. An officer of the bank testified that the authorized signature for the Ryder account was "Del W. Ryder."

There was other evidence from which the jury could infer that the defendant had forged the checks by tracing the signatures from the duplicate invoices which Schatz and Ryder had signed at the service station on March 2, 1969.

The evidence was sufficient, if believed, to sustain a finding of guilty on all four counts. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Adams, 181 Neb. 75, 147 N. W. 2d 144.

The defendant's second assignment of error relates to exhibits 1 and 3 which were received in evidence with slips attached by the bank showing why the checks were returned unpaid. The slip attached to exhibit 1 bears a notation: "no acct." The slip attached to exhibit 3 bears a notation: "forgery" and "not like signature on file." The defendant contends that the return slips with the notations were hearsay and should not have been admitted.

The defendant objected to the admission of exhibits 1 and 3 for lack of foundation but made no objection specifically directed at the return slips. There was no

prejudice in admitting the checks with the return slips attached because the other evidence clearly established that both exhibits were forgeries. Lamb v. State, 40 Neb. 312, 58 N. W. 963. State v. Morgan, 182 Neb. 639, 156 N. W. 2d 799, is not applicable here.

The defendant's third assignment of error relates to the hearing upon Count XI of the information which alleged that the defendant was an habitual criminal. Section 29-2221, R. S. Supp., 1967, provides in part: "The court shall fix a time for the hearing and notice thereof shall be given to the accused at least three days prior thereto." The defendant contends that a sentence imposed under the habitual criminal law is void if the statutory notice of the hearing was not given.

The defendant was convicted on April 17, 1969, and sentenced on April 28, 1969. There is nothing in the record to show that the defendant or his counsel were notified 3 days in advance that a hearing on the habitual criminal charge would be held on April 28, 1969. However, the defendant was present in court with his counsel on April 28, 1969, and participated in the hearing on the habitual criminal charge without objection. The defendant did move for a continuance for the purpose of filing an application for probation, but there was no objection made to the hearing on the habitual criminal charge. Participation in the hearing without objection was a waiver of the statutory notice of the hearing. See, Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932; Foster v. State, 83 Neb. 264, 119 N. W. 475.

The judgment of the district court is affirmed.

AFFIRMED.