DEAN R. ARMSTRONG, APPELLANT, v. RICHARD C. ARMSTRONG, ET AL., APPELLEES.

218 N. W. 2d 541

Filed May 23, 1974. No. 39289.

Mattson, Ricketts, Davies, Stewart & Calkins, for appellant.

Lyle E. Strom and C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Kenneth H. Elson, and Young, Holm, McEachen, Pedersen, Hamann & Haggart, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The question involved on this appeal is the propriety of the action of the trial court in granting the motion of defendant Howard County Land and Cattle Company for summary judgment and dismissing it from the action. This action was brought by the plaintiff Dean R. Armstrong against the defendants Richard C. Armstrong and the Howard County Land and Cattle Company to enforce an alleged oral agreement in the form of a joint venture between Dean and Richard to acquire the controlling interest in the stock of the Citizen's National Bank, St. Paul, Nebraska. The petition alleged that Richard in violation of the agreement acquired the controlling stock on his own account, then caused the Howard County Land and Cattle Company to be formed, and transferred the stock to it. The prayer of the petition asks that the shares be declared to be held in trust for the purposes of the agreement between Dean and Richard.

The answer of Richard consisted of a general denial and certain affirmative defenses. The answer of Cattle Company alleged an agreement between Richard and one Carl Brasee to acquire a majority interest in the shares of the same bank and the formation by them of Cattle Company for the purpose of holding the shares; that pursuant to the agreement Richard and Brasee

did cause such shares to be acquired by Cattle Company; that Brasee borrowed money for the purpose and paid for his one-half share of stock in Cattle Company and is the owner of 50 percent of the shares of Cattle Company; that Brasee had no knowledge of the alleged agreement between Dean and Richard; that Brasee on behalf of Cattle Company thereafter voted the bank shares held by Cattle Company at all shareholders' meetings; and that Dean was a shareholder of the bank and since March 22, 1968, has known of Brasee's interest and is by reason of laches and estoppel foreclosed from asserting an interest contrary to that of Brasee. Cattle Company's answer also denied the allegation of Dean's petition for the reason that it does not have information sufficient to form a belief of the truth or falsity of the allegations therein. Brasee is not a party to the litigation.

Cattle Company filed a motion for summary judgment alleging that there was no genuine issue of material fact so far as Cattle Company is concerned and that it was entitled to judgment as a matter of law.

The trial court granted the motion of Cattle Company and dismissed it from the action. The plaintiff appealed. We reverse. The question before us on appeal is whether, so far as the interest of that defendant is concerned, the record discloses that there is no genuine issue of fact requiring trial and whether under the facts so established Cattle Company was entitled to judgment as a matter of law.

The evidence considered by the trial court is contained in a bill of exceptions which consists of the deposition of the plaintiff Dean Armstrong, the deposition of the defendant Richard Armstrong, an affidavit of Carl Brasee, and certain documentary evidence received in connection with the depositions.

Cattle Company's position is that the undisputed facts: First, show that the alleged contract between Dean and Richard is illegal because its fulfillments would require

a breach of a previous contract between Richard and Brasee, and second, establish an estoppel against Dean to claim against the interest of Brasee, an innocent third party. On the issue of illegality, Cattle Company cites Restatement, Contracts 2d, § 576, p. 1081. See, also, Restatement in the Courts, 1967 Supp., Contracts, § 576, p. 283.

For the purposes of determining the issues before us it is not necessary to make a detailed summary of the evidence. The deposition testimony of Dean supports the allegations of his petition. The deposition of Richard denies such an agreement but claims a similar agreement made between him and Brasee at about the same time and an offer by the latter two as a part of the agreement between them to purchase bank shares which Dean already owned. Brasee was never present at any of the numerous conversations between Dean and Richard. Dean testified his agreement with Richard was made on March 19, 1968. Richard testified his agreement with Brasee was made on March 19, 1968. Dean testified that he was told by Richard that Brasee was merely a front man and had no monetary interest in the stock, but would have to be paid for his services as a broker in acquiring the bank shares and that the payment might have to be five percent of the shares acquired; that there were income tax reasons for having the shares held by Cattle Company; and that he was not advised until January 1969, that Richard did not intend to perform his agreement. Dean admitted that by October 1968, he was told by Richard that Brasee was the owner of 50 percent of Cattle Company, but that he never discussed the matter with Brasee or made inquiry of him as to what his actual interest was. Continuing into 1972 there were numerous equivocal conversations with Richard and it did not become clear until then that Richard would absolutely not perform.

It is evident that there are material questions of fact

as to whether there was an agreement between Dean and Richard. It is equally patent that if Dean's version is correct, Richard's claim of an agreement between him and Brasee is either not true, or Richard knowingly made similar and conflicting agreements with both Dean and Brasee.

The affidavit of Brasee, submitted on behalf of Cattle Company, simply recites that Brasee is owner of 50 percent of the shares of Cattle Company; that he has read the answer of Cattle Company and that "of his own personal knowledge he believes that each of the facts contained in the Amended Answer" of Cattle Company is true. That answer contained allegations supporting Richard's contentions of an agreement between him and Brasee; the answer alleged that Dean: ". . . on March 22, 1968, and at all times subsequent thereto, has known, or had reason to know, that third persons, including Carl Brasee, have and claim an interest in the defendant Howard County Land & Cattle Co. and its assets. . . . If plaintiff is awarded any equitable relief as prayed, substantial prejudice to defendant Howard County Land & Cattle Co. and to an innocent third person, to-wit: Carl Brasee, will result. . . . Defendant specifically alleges that plaintiff has an adequate remedy at law and denies that the relief prayed by plaintiff affords a proper remedy allowable by law. . . . By reason of the above and foregoing, the purported cause of action of the plaintiff is barred by the statute of limitations, by estoppel, and by laches." Paragraph 16 of the answer denied the allegations of the plaintiff's petition "for the reason that it does not at this time have sufficient knowledge of said facts to either admit or deny them." One of the allegations of the answer is that Brasee "has made substantial periodic payments toward the purchase of the stock *through Howard County Land & Cattle Co."* (Emphasis supplied.)

It appears from the arguments of Cattle Company

that it seeks to have advantage of an alleged illegality of a contract to which it is not a party and to which it is not clear that it is privy. It claims an estoppel on behalf of Brasee who is not a party to the litigation and who seemingly is merely a stockholder of Cattle Company. What equities may require consideration so far as Cattle Company is concerned is not clear on the record. Any determination of the possible illegality of the alleged contract between Dean and Richard and the effect thereof must await a complete development of the evidence. The same would appear to be true of the issue of estoppel. Fact issues not fully explored and which may rest on the determination of the credibility of witnesses must be resolved by trial on the merits. Cover v. Scott, 184 Neb. 585, 169 N. W. 2d 435.

The defense of illegality of a contract cannot as a rule be invoked by a third party. 17 C. J. S., Contracts, § 283, p. 1215. An exception to this rule exists where the illegality appears from the plaintiff's own showing. 17 C. J. S., op. cit., p. 1216. See, also, In re Estate of Lowe, 104 Neb. 147, 175 N. W. 1015.

The defense of equitable estoppel may be claimed by a party or privy but not by a stranger. 31 C. J. S., Estoppel, § 130, p. 661. See, also, Roll v. Martin, 164 Neb. 133, 82 N. W. 2d 34.

The general principles applicable to rulings on motions for summary judgment have been enumerated many times by this court and we will not here set them forth. We merely cite Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152; Cover v. Scott, *supra*.

REVERSED AND REMANDED.