STATE OF NEBRASKA, APPELLEE, v. LLOYD WALKER, APPELLANT.

285 N. W. 2d 839

Filed December 11, 1979. No. 42620.

 

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant was convicted by a jury of the crime of forgery and has appealed to this court. He assigns as error the reception into evidence of exhibit 1, the forged instrument, and the insufficiency of the evidence as a matter of law to sustain the conviction. We affirm.

Sheryl Larson identified exhibit 1 as a personalized check in her business name of Kenesaw Cafe, drawn on the Adams County Bank of Kenesaw, Nebraska. She testified the signature of Sheryl Larson, which appeared on the instrument as maker of the check, was not her signature nor had she authorized anyone to sign her name, and that defendant, who was named on the check as payee, had never worked for the cafe and had done nothing that would require her to make any payment to him. She further testified the cafe ceased operating in April of 1972, and the bank account was closed at that time. The remaining blank checks and other business papers were moved to the Larson house in Omaha, which was just across the street from Walker's home. Two of defendant's brothers were dating the Larson daughters during a time which included a 4-day period in May of 1978 when Mrs. Larson was in the hospital. Samples of Mrs. Larson's signature were received in evidence which on their face appeared sufficiently dissimilar from the one appearing on exhibit 1 to justify the jury in finding that the check was forged.

Linda Criner, the only other witness to testify, stated she was employed as a cashier at Baker's Supermarket on June 9, 1978, where defendant was also employed. According to Miss Criner, defendant presented exhibit 1 to her for cashing. Exhibit 1 was dated June 9, 1978, in the amount of $250, and contained the name of defendant as payee. During the course of this transaction defendant mentioned he had this second job at the Kenesaw Cafe. Defendant endorsed the check in the presence of the witness, who then paid over the sum of $250 to defendant. Again, the handwriting which named Lloyd Walker as payee and the endorsement of the defendant are sufficiently similar to have justified the jury in finding that the names were written both times by defendant.

Defendant's objection to exhibit 1 was that it was stamped "Returned Not Paid," with a box checked indicating "Account Closed," and a blank filled in showing "No Account," all of which was hearsay. Were it necessary to rely upon the return stamp to establish the nonexistence of the particular account, defendant's objection would be well taken. However, this information had been testified to by the former owner of that account, Mrs. Larson. There was clearly no prejudice to the defendant. State v. Huffman, 185 Neb. 417, 176 N. W. 2d 506 (1970).

In this case there was believable evidence that the signature of the purported maker was not that of Sheryl Larson; that her apparent signature was placed on the check without her authority; and that it was done by defendant with the intent to defraud, and by offering the check in this manner and receiving cash therefor, the party cashing the forged instrument was thereby defrauded. The crime of forgery is established by proving the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.

Fidelity & Deposit Co. v. Bodenstedt, 170 Neb. 799, 104 N. W. 2d 292 (1960). The fact that some of the elements of the crime were established by circumstantial evidence is of no consequence. State v. Fox, 192 Neb. 424, 222 N. W. 2d 121 (1974). The jury did believe the evidence offered by the State, and it is not within the province of this court to resolve conflicts in the evidence, pass on the credibility of the witnesses, or weigh the evidence. State v. Huffman, *supra.*

The judgment of the District Court is affirmed.

AFFIRMED.