Harold Eugene HUFFMAN, pro se and on behalf of Faye I. Huffman and Donald Lee Boersen, infant, Petitioner,

v.

NEBRASKA BUREAU OF VITAL STATISTICS, Maurice H. Sigler, Warden, Nebraska Penal Complex, Joe Bosler, District Probation Officer, and the State of Nebraska, Respondents.

Civ. No. 1675 L.

United States District Court,
D. Nebraska.

Nov. 16, 1970.

## MEMORANDUM RE MOTION TO STRIKE OR DISMISS

URBOM, District Judge.

The petitioner Harold Eugene Huffman presently is incarcerated in the Nebraska Penal and Correctional Complex, pursuant to a conviction on April 28, 1969, by the District Court of Hall County, Nebraska. On April 14, 1970, an order of this court permitted the filing of documents without prepayment of costs in accordance with 28 U.S.C. § 1915. On April 27, 1970, the respondents filed a motion to dismiss on the grounds that Rule 11 of the Federal Rules of Civil Procedure had not been complied with and that the application had failed to allege facts upon which relief could be granted.

The matters raised by the pleadings can be adjudicated without the appointment of counsel or the formality of an evidentiary hearing, because resolution of the legal issues disposes of the case.

Both habeas corpus relief and civil rights relief are sought. The term "petition", while technically applicable only to habeas corpus cases, will be used in this memorandum to describe the pleading referable both to the habeas corpus relief and to the civil rights relief requested. In somewhat roving fashion the petition seeks to raise six issues, which will be discussed herein separately,

except that the first and second will be jointly treated.

## I AND II. CONVICTION AND PROBATION OF FAYE I. HUFFMAN (FAYE I. BOERSEN)

The petition contends that the criminal conviction of Faye I. Huffman, alternatively referred to as Faye I. Boersen, in the District Court of Hamilton County, Nebraska, was the product of an involuntary guilty plea and challenges the validity of that conviction. Additionally, the petition attacks the order of probation relating to Faye I. Huffman which has been interpreted by the probation officer and the District Court of Hamilton County as prohibiting the visitation by Faye I. Huffman of Harold Eugene Huffman while he is imprisoned.

The action is brought in the name of "Harold Eugene Huffman, pro se, and on behalf of Faye I. Huffman and Donald Lee Boersen, infant." Only the name of Harold Eugene Huffman is signed to the petition. One of the requirements of Rule 11 of the Federal Rules of Civil Procedure is that "A party who is not represented by an attorney shall sign his pleading and state his address." No valid reason appears for not requiring that Faye I. Huffman or Faye I. Boersen sign the pleading if she in fact desires to challenge either her conviction or the order of her probation. Undoubtedly, one of the justifications for the quoted provision of Rule 11 is to make certain that the persons who are named as parties are actually in assent to the filing of an action on their behalf. Nothing is indicated in the pleadings to suggest that Harold Eugene Huffman has any standing to contest the conviction or probation order of Faye I. Huffman. Furthermore, the petition does not show that Faye I. Huffman has exhausted her state remedies under the Nebraska Post-Conviction Act, and such exhaustion is a prerequisite to any challenge of a conviction. For all the foregoing reasons, this court does not have jurisdiction to resolve issues of the propriety of the conviction or probation order of Faye I. Huffman or Faye I. Boersen.

## III. REMOVAL OF NAME FROM MAILING LIST

It is alleged that the prison warden removed the name of Faye I. Huffman or Faye I. Boersen from Harold Eugene Huffman's approved mailing list, because of a letter from the judge of the District Court of Hall County, Nebraska, which stated that the marriage between Harold Eugene Huffman and Faye I. Huffman was not recognized by the State of Nebraska. It further is claimed that the warden has requested that Faye I. Huffman terminate correspondence with Harold Eugene Huffman. She evidently has honored that request. The precise legal question is whether the prison's mail restriction, which removed Faye I. Huffman from the approved mailing list and the warden's request to Faye I. Huffman that she refrain from corresponding with Harold Eugene Huffman rise to the dignity of a deprivation of constitutional rights.

Generally, the constitutional right which may be violated by certain types of mail restrictions is the proscription of cruel and unusual punishment within the Eighth Amendment of the Constitution of the United States. The test is whether the restriction shocks the general conscience. Lee v. Tahash, 352 F.2d 970 (C.A. 8th Cir. 1965). The primary thrust by the petitioner Harold Eugene Huffman is that Faye I. Huffman is his lawful wife and therefore should be entitled to be on his approved mailing list. The prime foundational question, however, is whether Faye I. Huffman and Harold Eugene Huffman are legally husband and wife. According to the petition, they were married in Las Vegas, Nevada, on March 5, 1969, but there remains a serious question as to whether a prior existing marriage between Faye I. Huffman or Faye I. Boersen and Richard Boersen had been terminated by divorce or otherwise before the Nevada marriage was performed.

■ Any adjudication by this court touching the issue of the validity of the Nevada marriage would have possible res judicata ramifications for most of, if not all, the six issues sought to be raised by the petition in this action. The validity of the marriage is central to Harold Eugene Huffman's insistence that his conviction was improper because Faye I. Huffman was permitted to testify against him, to his claim that the birth certificate of Donald Lee Boersen should be changed to reflect the name of Donald Lee Huffman, and the claim that Faye I. Huffman should be on his approved mailing list. So central a question should be resolved by the courts of the State of Nebraska. The principle of comity dictates that this court refrain from deciding the issue, so that the Nebraska courts may determine the state's policies regarding marriage validity.

■ The legal conditions and boundaries of marriage traditionally have been reserved to the states, and the states have a legitimate interest in preserving the proper marital relationships of their residents. Until such time as the Nebraska courts have had an opportunity to rule upon the legality of the Nevada marriage, the case of Lee v. Tahash, supra, serves to justify the present restriction on the mailing privileges of Harold Eugene Huffman. In that case it was said:

> "Thus the fact that prison authorities, whether federal or state, have refused to allow mailing of some particular letter or letters or to some particular person or persons does not of itself afford basis for a prisoner to try to get into the federal courts. Nor will the fact that particular refusals seem to him to constitute improper interpretation of the prison regulations, or erroneous judgment on the letters themselves, or different treatment in relation to them than he feels has occurred as to some other prisoner or prisoners, of itself give rise to any justiciability. Whether improper interpretation, erroneous judgment, or variant administration may be involved in the restric-

tion of some particular correspondence is, without more, mere institutional incident and not matter of judicial domain."

## IV. BIRTH CERTIFICATE OF DONALD LEE BOERSEN

■ Attempt is made in this action to require the Nebraska Bureau of Vital Statistics to change the name appearing on the birth certificate from Donald Lee Boersen to Donald Lee Huffman, so as to reflect the surname of the father. Assuming that Harold Eugene Huffman has made sufficient allegations to give him standing to sue on behalf of Donald Lee Boersen, he nevertheless has not shown that there is a deprivation of some right, immunity or privilege secured by the constitution, laws or treaties of the United States. The keeping of the records of the Nebraska Bureau of Vital Statistics is a state matter, not a federal one. Resort must be had to the courts of Nebraska for the resolving of the issue sought to be raised.

## V. VISITATIONS BY SON

■ The petition attempts to challenge the decision of an unspecified person who has prevented Harold Eugene Huffman during his incarceration from receiving visitations by his one-year-old son. The pleadings do not provide sufficient facts to indicate whether the lack of visitation is a part of some general scheme to isolate Harold Eugene Huffman from his family. It is entirely possible, as far as the pleadings are concerned, that no formal barriers stand in the way of a visit. There is no allegation that visitation has ever been denied to the son. Accordingly, this court is unable to read into the petition any assertion that a state official is denying Harold Eugene Huffman's son access to his father. The facts are insufficient to show any ground for relief in this court.

## VI. CONVICTION OF HAROLD EUGENE HUFFMAN

■ Attack is made on the validity of Harold Eugene Huffman's conviction

for forgery, as violative of the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States. After reading the allegations of the petition and the decision of the Supreme Court of Nebraska in State v. Huffman, 185 Neb. 417, 176 N.W.2d 506 (1970), the appeal of the petitioner's conviction, this court now raises *sua sponte*, the failure of the petitioner to exhaust his state remedies. The allegations of the petition focusing on Faye I. Huffman's testifying against the petitioner in violation of the marital privilege have never been presented to a state court. Insofar as this action is a habeas corpus proceeding, therefore, it must be dismissed.

An appropriate order will be entered today.