Rev. Sharon L. SCARRELLA et al., Appellants,

v.

MIDWEST FEDERAL SAVINGS AND LOAN et al., Appellees.

No. 75–1912.

United States Court of Appeals, Eighth Circuit.

Submitted May 27, 1976.

Decided June 8, 1976.

Rev. Sharon L. Scarrella, pro se.

Thomas E. Harms, Minneapolis, Minn., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

The appellants in this action are the Reverend Sharon Scarrella, a self-ordained minister of the Church of Justice Reform, Inc., the Reverend Richard Bullock, and Albert Brisson. They appeal an interlocutory order of the district court[1] dismissing appellants Bullock and Brisson as plaintiffs in the action pending below.[2] Additionally,

---

1. United States District Court for the District of Minnesota, Judge Larson.

2. The allegations of the complaint filed below arose out of a mortgagor-mortgagee relationship between appellant Scarrella and appellee Midwest Federal Savings & Loan (Midwest). The mortgage agreement required Scarrella at the option of Midwest to pay into an escrow account on a monthly basis one-twelfth of the amount Midwest estimated to be necessary to pay taxes and insurance. Scarrella declined to pay into the escrow account, and Midwest in-

appellants Scarrella and Bullock have filed a motion requesting all of the judges of this court to disqualify themselves.

We deny the motion for disqualification and dismiss the appeal for lack of jurisdiction.

## I. Motion for Disqualification.

■ The grounds alleged by appellants for disqualification of the members of this court are (1) that the members of this court are involved with or are members of, the Minnesota State Bar Association and the American Bar Association, both of which were defendants in a separate class action suit brought by the appellants and (2) that the members of this court have a "unique relationship" with the members of the legal profession and the financial interests in the state of Minnesota and as such cannot render a fair and impartial decision. Such vague allegations of prejudice are insufficient to require disqualification of any member of this court. 28 U.S.C. § 455. *See Wounded Knee Legal Defense/Offense Committee v. F.B.I.,* 507 F.2d 1281, 1285 (8th Cir. 1974).

## II. Jurisdiction.

■ Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed. *McKinney v. DeBord,* 507 F.2d 501 (9th Cir. 1974); *cf. Huffman v. Nebraska Bureau of Vital Statistics,* 320 F.Supp. 154 (D.Neb.1970). As the court in *Huffman* stated in applying Fed.R.Civ.P. 11 in an analogous situation

> * * * one of the justifications * * of Rule 11 is to make certain that the

stituted foreclosure proceedings. Appellants in their complaint sought to establish a class action suit as "taxpayers and consumer advocates" to aid in "exposing to the general public the outrageous and confistory [sic] real estate tax situation which is being perpetrated upon

persons who are named as parties are actually in assent to the filing of an action on their behalf * * *.

*Id.* at 156.

■ Assuming the order as to Brisson and Bullock to be appealable, we do not by dismissing their appeal prejudice their right to appeal the order upon entry of final judgment by the district court. A party is not required to take an interlocutory appeal authorized by statute. *A & R Realty Co. v. Northwestern Mutual Life Insurance Co.,* 95 F.2d 703, 707 (8th Cir. 1938); *Caradelis v. Refineria Panama, S.A.,* 384 F.2d 589, 591 (5th Cir. 1967); *Victor Talking Mach. Co. v. George,* 105 F.2d 697, 699 (3d Cir.), *cert. denied,* 308 U.S. 611, 60 S.Ct. 176, 84 L.Ed. 511 (1939); 9 Moore's Federal Practice § 110.18 at 205–206 (1975).

■ We also dismiss the appeal as to appellant Scarrella. The order dismissing plaintiffs Bullock and Brisson did not resolve the rights and liabilities of all parties. Since the district court did not render "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment," pursuant to Fed.R.Civ.P. 54(b), the order is not a final decision within the meaning of 28 U.S.C. § 1291 and therefore nonappealable unless of a type permitted interlocutory review by statute. *McNally v. Pulitzer Publishing Co.,* 523 F.2d 69 (8th Cir. 1976); *Lane v. Graves,* 518 F.2d 965 (8th Cir. 1975); *Wooten v. First National Bank,* 490 F.2d 1275 (8th Cir. 1974).

■ The only possible source of jurisdiction here is 28 U.S.C. § 1292(a)(1), which extends appellate jurisdiction to "[i]nterlocutory orders of the district courts * * * granting, * * * refusing or dissolving injunctions * * *." It is true that plaintiffs are seeking injunctive relief. However, where an order dismisses fewer than all plaintiffs or defendants, the test to de-

the citizens of the state" and in exposing Minnesota banks' "hazy activities" of holding money in an escrow account to pay taxes and insurance, without paying interest on the escrow funds. Appellants sought injunctive relief and damages.

termine whether that order is one granting or denying injunctive relief is essentially whether the order contracts the scope of the injunctive relief originally sought. *Build of Buffalo, Inc. v. Sedita,* 441 F.2d 284, 287 (2d Cir. 1971); *Yaffe v. Powers,* 454 F.2d 1362, 1364–1365 (1st Cir. 1972). Whatever the merits of an argument that as to Bullock and Brisson the scope of injunctive relief has been contracted, it is clear that as to appellant Scarrella the full measure of injunctive relief sought is still available. Therefore, her appeal must be dismissed.

Finally, we note that appellant Scarrella complains of the failure of the district judge to disqualify himself. A determination by a district judge not to disqualify himself is reviewable by appeal only from a final judgment in the cause in which the motion for disqualification was filed. *Dubnoff v. Goldstein,* 385 F.2d 717 (2d Cir. 1967); *Albert v. U. S. District Court for the W.D. of Michigan,* 283 F.2d 61 (6th Cir. 1960), *cert. denied,* 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 706 (1961). However, we have held that such a determination is reviewable by a petition for a writ of mandamus, and we treat Scarrella's allegation on appeal as such a petition. *Pfizer, Inc. v. Lord,* 456 F.2d 532 (8th Cir.), *cert. denied,* 406 U.S. 976, 92 S.Ct. 2411, 32 L.Ed.2d 676 (1972).

Scarrella alleges that disqualification is required because the judge had been a defendant in a separate action brought by two of the three appellants against all of the federal district judges of the District of Minnesota. Scarrella also alleges that the district judge, in 1959, while chairman of the Minnesota Human Rights Commission, "urged others to prevent a U.S. citizen to speak just because he * * * didn't agree with the speaker's views." These claims were made in an affidavit of prejudice filed on October 21, 1975, the same day on which the district judge held a hearing on the matters giving rise to this appeal.

We hold that the district judge did not abuse his discretion in refusing to disqualify himself. The allegations of bias as set forth in the affidavit were legally insufficient to require his disqualification. We have previously held that the fact that a party has in the past attempted to initiate unrelated judicial proceedings against the court is insufficient in and of itself to establish bias. *Hodgdon v. United States,* 365 F.2d 679 (8th Cir. 1966), *cert. denied,* 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967). Appellant failed in her affidavit to allege sufficient factual details establishing personal bias toward her on the part of the district judge. *Wounded Knee Legal Defense/Offense Committee v. F.B.I., supra,* at 1285–1286. Further, the affidavit of bias was untimely filed, and no just cause for delay appears in the record. 28 U.S.C. § 144. *Wounded Knee Legal Defense/Offense Committee v. F.B.I., supra,* at 1286.

The appeal is dismissed, and the petition for a writ of mandamus is denied.