859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loretta MURRAY, Plaintiff-Appellant,
Bobby Dean Murray; Bobby Lee Murray; Billy Dean Murray;
Roger Allen Murray, Plaintiffs,
v.
Arnold CLOWER; Charles Hawk; Dennis Humphreys; Louise
Thomas; Raymond Cooper; Thomas A. Austin;
Charles Snow, Defendants-Appellees.
 No. 88-5178.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1988.
 
 Before BOYCE F. MARTIN Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Loretta Murray appeals orders of the district court granting motions to dismiss and motions for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Loretta Murray and four other members of her family filed this 42 U.S.C. Sec. 1983 action against seven Roane County, Tennessee officials, claiming that they violated plaintiffs' constitutional rights. The defendants are the county sheriff and deputy sheriff, the district attorney and assistant district attorney, a present and former county court clerk, and a Tennessee General Sessions court judge. In their complaint they alleged that: 1) the deputy sheriff falsely arrested two of the plaintiffs for assault; 2) the sheriff and deputy sheriff refused to issue arrest warrants at the request of the plaintiffs for the arrest of another person involved in the assault; 3) the district attorney and assistant district attorney refused to allow plaintiffs to file charges; 4) a present and former county court clerk refused to issue arrest warrants at the request of the plaintiffs; 5) the sheriff, deputy sheriff, assistant district attorney, clerk of court, and the judge conspired to deprive one plaintiff of a dump truck; 6) the judge refused to recuse himself in cases involving the plaintiffs, refused to appoint attorneys for plaintiffs and issued an illegal custody order; and 7) the assistant district attorney issued arrest warrants for two of the plaintiffs for an illegal trespass without adequate investigation. They also seek monetary damages.
 
 
 3
 All defendants filed motions to dismiss or for summary judgment. Plaintiffs filed a response. The United States district court for the Eastern District of Tennessee dismissed the judge, court clerk, former clerk, district attorney and the assistant district attorney on the grounds of immunity. The court granted summary judgment for the deputy sheriff on the grounds that he had acted reasonably and granted summary judgment for the sheriff because plaintiffs failed to allege sufficient facts to support their claim of conspiracy involving the sheriff.
 
 
 4
 Here the same issues are argued as well as a claim brought pursuant to 18 U.S.C. Sec. 241.
 
 
 5
 At the outset, we recognize this appeal as being brought only by Loretta Murray. She filed and signed the notice of appeal and she is not an attorney who is authorized to represent the remaining plaintiffs. See 28 U.S.C. Sec. 1654; Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978); Scarella v. Midwest Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 419 U.S. 885 (1976); Torres v. Oakland Scavanger Co., --- U.S. ----, 101 L.Ed.2d 285 (1988).
 
 
 6
 Because Loretta Murray's claim brought under 18 U.S.C. Sec. 241 was not raised in the district court and because she does not present exceptional circumstances explaining why, it will not be considered here. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1986).
 
 
 7
 A review of the remaining arguments leaves us no alternative but to affirm the dismissal of the claims. Murray lacks standing to assert the claims that the deputy sheriff falsely arrested two of the plaintiffs because she was not arrested. Her claims that certain defendants conspired to cause another plaintiff to lose a dump truck and that the judge issued an illegal custody order are also without merit. Loretta Murray was not involved in those incidents, and one may not sue for the deprivation of another's civil rights. See Planned Parenthood Ass'n. v. City of Cincinnati, 822 F.2d 1390, 1394 (6th Cir.1987); Mosher v. Beirne, 237 F.Supp. 684 (E.D.Mo.1964), aff'd, 357 F.2d 638 (8th Cir.1966).
 
 
 8
 The claims regarding the defendants' refusal to issue arrest warrants and file charges are not claims that the laws or Constitution of the United States have been violated. A prerequisite to recovery under 42 U.S.C. Sec. 1983 is that the plaintiff prove that the defendants deprived the plaintiff of a right secured by the federal constitution or laws of the United States, and that the deprivation was under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Absent either element, a claim will not be stated. Murray has failed to state facts that constitute the infringement of protected rights; thus her Sec. 1983 claim must fail.
 
 
 9
 The Tennessee state court judge is absolutely immune from suit as he was clearly acting within his authority and jurisdiction when he allegedly committed the acts of which the plaintiff complains. See Stump v. Sparkman, 435 U.S. 349 (1918); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 10
 Finally, the Assistant District Attorney's alleged issuance of criminal trespass warrants without adequate investigation is not actionable under 42 U.S.C. Sec. 1983. The issuance of arrest warrants is a quasi-judicial function, and prosecutors have absolute immunity from claims arising out of the performance of that function. Joseph v. Patterson, 795 F.2d 549, 555-57 (6th Cir.1986); Imbler v. Pachtman, 424 U.S. 409 (1976). This immunity extends to all decisions to prosecute except those "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." Wayte v. United States, 470 U.S. 598, 608 (1985) (quoting Bordenkircher v. Hayes, 434 U.S. 357 (1978)).
 
 
 11
 Accordingly, the district court's order of January 28, 1988, insofar as it concerns the claims of plaintiff Loretta Murray, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.