865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary William HOLT; Plaintiff-Appellant,
Louis H. Teck; Shomari Abdu Zuberi, Plaintiffs,
v.
Stephen NORRIS, Defendant-Appellee.
 No. 88-6011.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 1
 Before BOYCE F. MARTIN Jr., and NATHANIEL R. JONES, Circuit Judges and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff Gary William Holt appeals an order of the district court dismissing his civil rights action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Holt and two other inmates filed suit under 42 U.S.C. Sec. 1983 against the Commissioner of the Tennessee Department of Corrections. They claimed that the Department of Corrections' standard practice of stamping all outgoing inmate mail to indicate that the correspondence originated from a correctional facility stigmatizes them and their families in the eyes of the community and violates their constitutional right of privacy. Plaintiffs sought monetary and injunctive relief. The district court dismissed the complaint as frivolous because the fact of plaintiffs' incarceration was a matter of public record and was not constitutionally protected. A notice of appeal was filed from the order of dismissal specifically naming Gary Holt as an appellant and referring to other unnamed appellants by the term "et al." Plaintiffs Teck and Zuberi later filed a motion to amend the caption to include them as appellants.
 
 
 4
 As an initial matter, we recognize this appeal as being brought only by Gary William Holt as he was the only plaintiff who was specifically identified in the notice of appeal. The use of the term "et al." did not sufficiently designate Teck and Zuberi as appellants; they therefore failed to effectuate an appeal to this court. See Torres v. Oakland Scavenger Co., 108 S.Ct. 2405 (1988). Also fatal to their appeal is the fact that they failed to even sign the notice of appeal. See 28 U.S.C. Sec. 1654; Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978) cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), cert. denied, 429 U.S. 885 (1976). While plaintiffs Teck and Zuberi subsequently filed a motion to amend the caption to allow them to become appellants, this motion was filed late and they are therefore not bound by this order.
 
 
 5
 Upon review, we affirm the district court's dismissal of the complaint as frivolous as it appears that Holt could prove no set of facts which would entitle him to relief under 42 U.S.C. Sec. 1983. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Holt failed to establish that he was deprived of a right secured by the federal constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Holt claimed that his right of privacy was violated when his mail was stamped to indicate that the correspondence originated from a correctional institution and that this embarrasses him and subjects him to prejudicial treatment from professional and business persons. However, this claim does not invoke the constitutional right of privacy. That right applies to matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. See Paul v. Davis, 424 U.S. 693, 713 (1976). Holt's incarceration is a matter of public record. His claim is based on a claim that the state may not publicize the fact that he is imprisoned. However, reputation alone, apart from some more tangible interests such as employment, does not implicate any liberty or property interests sufficient to invoke the procedural protection of the due process clause. See Paul, 424 U.S. 701-710. As a result, Holt has not stated a claim which entitles him to relief.
 
 
 6
 Accordingly, the motion to amend the caption should be denied and the district court's order of August 15, 1988, insofar as it concerns the claims of plaintiff Gary William Holt, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation