869 F.2d 1490
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rubin HERRERA, Petitioner-Appellant,
v.
Robert REDMAN, Defendant-Appellee.
 No. 88-1776.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Reuben Herrera seeks appointment of counsel in this appeal from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. A review of the record shows that the notice of appeal filed July 22, 1988, was not signed by the petitioner, but rather was signed by George Norris Hall, a prisoner legal aide.
 
 
 3
 This court lacks jurisdiction in the instant appeal. Generally, the court lacks jurisdiction to review the claims of a pro se appellant who fails to sign the notice of appeal. The signing and filing of a notice of appeal on behalf of another person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction and such an appeal is properly dismissed. See Theriault v. Sibler, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Fed. Sav. Loan, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), cert. denied, 429 U.S. 885 (1976); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir.1974). Further, absent a showing of exceptional circumstances, a habeas corpus petitioner may not be represented by a non-attorney engaging in the unauthorized practice of law. See Weber v. Garza, 570 F.2d 511, 513-14 (5th Cir.1978). No showing of exceptional circumstances is apparent in the instant case.
 
 
 4
 Accordingly, it is ORDERED that the motion for appointment of counsel be denied and the appeal is hereby dismissed pursuant to Rule 9(b)(1), Rules of the Sixth Circuit.