871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Josephine BRAGG, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-2044.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Josephine Bragg moves for the appointment of counsel on appeal from the district court's order granting summary judgment to the Secretary on review of the denial of her application for disability benefits pursuant to 42 U.S.C. Sec. 405(g).
 
 
 3
 The plaintiff is not properly before the court because she failed to sign the notice of appeal. Rather, her daughter's name was typed in as counsel for the appellant. Generally, the court lacks jurisdiction over the claims of pro se appellants who fail to sign the notice of appeal. See Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), cert. denied, 429 U.S. 885 (1976); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir.1974). These decisions are consistent with 28 U.S.C. Sec. 1654 which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel...." The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction and such an appeal is properly dismissed. Scarrella, 536 F.2d at 1209; Theriault, 579 F.2d at 302 n. 1; McKinney, 507 F.2d at 503. Because it does not appear from the record that the plaintiff's daughter is an attorney qualified to represent her, the case will be dismissed unless within thirty days of the date of the entry of this order either the plaintiff or an attorney on her behalf signs the notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the motion for counsel be denied and this case will be dismissed thirty days from date of entry of this order pursuant to Rule 9(b)(1), Rules of the Sixth Circuit, if the plaintiff fails to correct the jurisdictional defect as noted above.