962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Wayne A. WHITE; Appellant,
Charles PRICHARD; John E. Ingle; Plaintiffs,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction;
Bill McCuen, Secretary of State, Little Rock,
Arkansas, Appellees.
 No. 91-3194.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 1, 1992.
Filed: May 7, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wayne A. White,[1] an Arkansas inmate, appeals from the grant of summary judgment by the magistrate judge[2] to defendant A. L. Lockhart in this 42 U.S.C. § 1983 action, in which White claimed that the Arkansas Prison Overcrowding Emergency Powers Act, Ark. Code Ann. §§ 12-28-601 to 606 (Supp. 1991) (the Act), violates his right to equal protection. Section 604 of the Act provides that, when a prison overcrowding emergency is declared, the Director of the Department of Correction shall certify to the Arkansas State Board of Correction a list of those inmates who possess Class I or Class II status and "who, if authorized, would have their parole eligibility or minimum release date moved up to a point where they would immediately be eligible for parole or discharge." Upon receipt of the list, the Board of Correction "is authorized to move up the projected parole eligibility and minimum release dates of any or all inmates on the list by up to ninety (90) days."
 
 
 2
 To establish an equal protection claim, White must show at a minimum that he received different treatment than other similarly-situated inmates. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), petition for cert. filed, 60 U.S.L.W. 3675 (U.S. Mar. 12, 1992) (No. 91-1494). White has not stated an equal protection claim because he has not alleged that he is similarly situated to those inmates who could be considered for early release under the provisions of the Act. He did not allege in his complaint or assert in opposition to defendant Lockhart's motion for summary judgment that he possesses Class I or Class II status and that he was within ninety days of parole eligibility or release at any time the Act was invoked. To the contrary, Lockhart produced unrebutted evidence that White previously had been denied parole.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 Charles Prichard and John E. Ingle, plaintiffs below, failed to sign the notice of appeal. Therefore, as to them, we dismiss the appeal for lack of appellate jurisdiction. See Scarella v. Midwest Fed. Sav. & Loan, 536 F.2d 1207 (8th Cir) (per curiam), cert. denied, 429 U.S. 885 (1976)
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, who decided the case with the consent of the parties under 28 U.S.C. § 636(c)