39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
In re: Merlyn A. YAGOW, Delores E. Yagow, Appellants.
 No. 94-1362.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 31, 1994.
Filed: Nov. 4, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merlyn A. Yagow[1] appeals from the district court's[2] order, denying his motion "to dismiss the [bankruptcy] petition and action for want of jurisdiction," and instructing the bankruptcy court to close the case without a final accounting. We affirm.
 
 
 2
 In April 1985, Merlyn Yagow filed a voluntary Chapter 11 petition in bankruptcy. His creditors filed a liquidation plan, which was confirmed by the bankruptcy court, district court, and this court. See In re Yagow, No. 86-5378 (8th Cir. Sept. 23, 1988) (unpublished per curiam).
 
 
 3
 On May 26, 1993, Yagow filed the instant motion in the bankruptcy court seeking to rescind his signature from the original and amended petitions in bankruptcy, claiming he was induced to sign the document by mistake, fraud, collusion between his attorneys and creditors, duress, and misrepresentation. Following a hearing before a United States magistrate judge,[3] the district court denied Yagow's dismissal request, stating that Yagow could not rescind actions taken eight years ago. Noting that the liquidating trustee had not filed a final report because he could not be sure he had found all of the property, the district court also ordered that the file be formally closed without a final trustee report. On appeal, Yagow argues that the district court erred in assuming jurisdiction of this bankruptcy matter.
 
 
 4
 The district court has original and exclusive jurisdiction over all cases under title 11, and retains original jurisdiction over all civil proceedings arising under title 11. 28 U.S.C. Sec. 1334(a), (b). Section 157(a) of title 28 provides: "[e]ach district court may provide that any or all cases under title 11 ... shall be referred to the bankruptcy judges" (emphasis added). Section 157(d) further allows the district court to "withdraw, in whole or in part, any case or proceeding" it had previously referred. Thus, Yagow's argument that the district court lacked jurisdiction to decide this issue is without merit.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 Because Delores E. Yagow did not sign the notice of appeal, she is not a party to this appeal. See Scarrella v. Midwest Fed. Sav. & Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976)
 
 
 [2]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota
 
 
 [3]
 The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota